**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-----------------------------------------------------------------x
:
In re: : Chapter 11
:
HO WAN KWOK, *et al.*,[1] : Case No. 22-50073 (JAM)
:
Debtors. : (Jointly Administered)
:
:
-----------------------------------------------------------------x
: Adv. Proceeding Nos. 24-05005, 24-05006,
LUC A. DESPINS, CHAPTER 11 : 24-05008, 24-05009, 24-05010, 24-05011,
TRUSTEE, : 24-05012, 24-05013, 24-05014, 24-05015,
: 24-05016, 24-05017, 24-05018, 24-05019,
Plaintiff, : 24-05020, 24-05021, 24-05022, 24-05023,
v. : 24-05024, 24-05025, 24-05026, 24-05027,
: 24-05028, 24-05029, 24-05030, 24-05031,
: 24-05032, 24-05033, 24-05035, 24-05036,
AVOIDANCE DEFENDANTS, : 24-05037, 24-05038, 24-05039, 24-05040,
: 24-05041, 24-05042, 24-05043, 24-05044,
Defendants. : 24-05045, 24-05046, 24-05047, 24-05048,
: 24-05049, 24-05050, 24-05051, 24-05052,
: 24-05053, 24-05054, 24-05055, 24-05056,
: 24-05057, 24-05058, 24-05059, 24-05060,
: 24-05061, 24-05062, 24-05063, 24-05064,
: 24-05065, 24-05066, 24-05067, 24-05068,
: 24-05069, 24-05070, 24-05071, 24-05072,
: 24-05073, 24-05074, 24-05075, 24-05076,
: 24-05077, 24-05078, 24-05079, 24-05080,
: 24-05081, 24-05082, 24-05084, 24-05085,
: 24-05086, 24-05087, 24-05088, 24-05089,
: 24-05090, 24-05091, 24-05092, 24-05093,
: 24-05094, 24-05095, 24-05096, 24-05097,
(caption continues on next page) : 24-05098, 24-05099, 24-05100, 24-05101,

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

:   24-05102, 24-05103, 24-05104, 24-05105,
:   24-05106, 24-05107, 24-05108, 24-05109,
:   24-05110, 24-05111, 24-05112, 24-05113,
:   24-05114, 24-05115, 24-05116, 24-05117,
:   24-05118, 24-05119, 24-05120, 24-05121,
:   24-05122, 24-05123, 24-05124, 24-05125,
:   24-05126, 24-05127, 24-05128, 24-05129,
:   24-05130, 24-05131, 24-05133, 24-05134,
:   24-05135, 24-05136, 24-05137, 24-05138,
:   24-05139, 24-05140, 24-05141, 24-05142,
:   24-05143, 24-05144, 24-05145, 24-05146,
:   24-05147, 24-05148, 24-05149, 24-05150,
:   24-05151, 24-05152, 24-05153, 24-05154,
:   24-05155, 24-05156, 24-05157, 24-05159,
:   24-05160, 24-05161, 24-05162, 24-05163,
:   24-05164, 24-05165, 24-05166, 24-05167,
:   24-05168, 24-05169, 24-05170, 24-05171,
:   24-05172, 24-05173, 24-05174, 24-05175,
:   24-05176, 24-05177, 24-05178, 24-05179,
:   24-05180, 24-05181, 24-05182, 24-05184,
:   24-05185, 24-05186, 24-05188, 24-05189,
:   24-05190, 24-05191, 24-05192, 24-05193,
:   24-05195, 24-05196, 24-05197, 24-05198,
:   24-05199, 24-05200, 24-05201, 24-05202,
:   24-05203, 24-05204, 24-05205, 24-05206,
:   24-05207, 24-05208, 24-05209, 24-05210,
:   24-05211, 24-05212, 24-05214, 24-05215,
:   24-05216, 24-05217, 24-05218, 24-05219,
:   24-05220, 24-05221, 24-05222, 24-05223,
:   24-05224, 24-05225, 24-05226, 24-05227,
:   24-05228, 24-05229, 24-05230, 24-05231,
:   24-05232, 24-05233, 24-05234, 24-05235,
:   24-05236, 24-05237, 24-05238, 24-05239,
:   24-05240, 24-05241, 24-05242, 24-05243,
:   24-05244, 24-05245, 24-05246, 24-05247,
:   24-05248, 24-05250, 24-05251, 24-05252,
:   24-05253, 24-05254, 24-05255, 24-05256,
:   24-05257, 24-05258, 24-05259, 24-05260,
:   24-05261, 24-05262, 24-05263, 24-05264,
:   24-05265, 24-05266, 24-05267, 24-05268,

(caption continues on next page)

2

:  24-05269, 24-05270, 24-05272, 24-05274,
:  24-05275, 24-05276, 24-05279, 24-05280,
:  24-05282, 24-05286, 24-05287, 24-05288,
:  24-05289, 24-05290, 24-05291, 24-05292,
:  24-05293, 24-05294, 24-05295, 24-05296,
:  24-05297, 24-05298, 24-05299, 24-05300,
:  24-05301, 24-05302, 24-05303, 24-05304,
:  24-05305, 24-05306, 24-05307, 24-05308,
:  24-05309, 24-05310, 24-05313, 24-05315,
:  24-05316, 24-05317, 25-05003, 25-05004,
:  25-05005, 25-05006, 25-05007, 25-05008,
:  25-05009, 25-05010, 25-05011, 25-05012,
:  25-05013, 25-05014, 25-05015, 25-05016,
:  25-05017, 25-05018, 25-05019, 25-05020,
:  25-05021, 25-05022, 25-05023, 25-05024,
:  25-05025, 25-05026, 25-05027, 25-05028,
:  25-05029, 25-05030, 25-05031, 25-05032,
:  25-05033, 25-05034, 25-05035, 25-05036,
:  25-05037, 25-05038, 25-05039, 25-05040,
:  25-05041, 25-05042, 25-05043, 25-05044,
:  25-05045, 25-05046, 25-05047, 25-05048,
:  25-05049, 25-05050, 25-05051, 25-05052,
:  25-05057, 25-05058, 25-05059, 25-05061,
:  25-05067, 25-05068, 25-05069, 25-05070,
:  25-05071, 25-05072, 25-05073, 25-05074,
:  25-05075, 25-05076, 25-05077, 25-05078,
:  25-05079, 25-05080, 25-05081, 25-05082,
:  25-05083, 25-05084, 25-05085, 25-05086,
:  25-05087, 25-05088, 25-05089, 25-05090,
:  25-05091, 25-05092, 25-05093, 25-05094,
:  25-05095, 25-05096, 25-05097, 25-05098,
:  25-05099, 25-05100, 25-05101, 25-05102,
:  25-05103, 25-05104, 25-05105

-------------------------------------------------------------------x

**NOTICE OF CHAPTER 11 TRUSTEE'S FILING OF NOTICE OF
FURTHER REVISED OUTLINE OF PROPOSED PRETRIAL PROCEDURES AND
SCHEDULE FOR AVOIDANCE ACTION ADVERSARY PROCEEDINGS IN
<u>CONNECTION WITH NOVEMBER 3, 2025 CONTINUED HEARING</u>**

PLEASE TAKE NOTICE: that, on October 30, 2025, Luc A. Despins, in his capacity as the Chapter 11 Trustee (the "Trustee") appointed in the chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok, filed the *Chapter 11 Trustee's Notice of Further Revised Outline of Proposed Pretrial Procedures and Schedule for Avoidance Action Adversary Proceedings in Connection with November 3, 2025 Continued Hearing* in the Chapter 11 Case [ECF No. 4811] (the "Notice"), which Notice is appended hereto as **Exhibit 1**.

Dated:    October 31, 2025                    LUC A. DESPINS,
          New Haven, Connecticut              CHAPTER 11 TRUSTEE,


                                              By: */s/ Patrick R. Linsey*
                                                  Patrick R. Linsey (ct29437)
                                                  NEUBERT, PEPE & MONTEITH, P.C.
                                                  195 Church St., 13th Fl.
                                                  New Haven, CT 06510
                                                  Tel: (203) 781-2847
                                                  Fax: (203) 821-2008
                                                  plinsey@npmlaw.com

                                                  *Counsel for the Chapter 11 Trustee*

4

**<u>EXHIBIT 1</u>**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

```
----------------------------------------------------------------x
                                                                :
In re:                                                          : Chapter 11
                                                                :
HO WAN KWOK, et al.,                                            : Case No. 22-50073 (JAM)
                                                                :
                                Debtors.¹                       : Jointly Administered
                                                                :
----------------------------------------------------------------x
```

**CHAPTER 11 TRUSTEE'S NOTICE OF**
**FURTHER REVISED OUTLINE OF PROPOSED PRETRIAL PROCEDURES AND**
**SCHEDULE FOR AVOIDANCE ACTION ADVERSARY PROCEEDINGS IN**
**CONNECTION WITH NOVEMBER 3, 2025 CONTINUED HEARING**

Luc A. Despins, in his capacity as Chapter 11 Trustee (the "Trustee") appointed in the chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor"), hereby files his revised outline of proposed pretrial procedures and schedule for avoidance action adversary proceedings (the "Revised Outline"), based on the Court's comments at the hearing held in the Chapter 11 Case on October 27, 2025, and further feedback from avoidance action defendants. In respect to the foregoing, the Trustee respectfully states:

1.      Since the October 27 hearing, among other things, the Trustee has conferred with representative counsel for certain avoidance action defendants (the "Joint Defendants") and reviewed a counterproposal outline filed by the Joint Defendants on October 29, 2025 [ECF No. 4791] (the "Joint Defendants' Outline").

---

[1]      The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

2.	In contemplation of the November 3, 2025 continued hearing, the Trustee attaches his Revised Outline hereto as **Exhibit A** (in a clean form) and **Exhibit B** (in a redline form compared to the Joint Defendants' Outline).

3.	While the Revised Outline reflects numerous language changes compared to the Joint Defendants' Outline, the number of material issues separating the parties has narrowed considerably, and now principally includes the following:

- The Trustee's Revised Outline provides for avoidance claims to be trial-ready by June 15, 2025, rather than by August 17, 2025 (as the Joint Defendants propose).

- The Revised Outline immediately lifts all (a) full and partial stays under ¶ 2(e) (i) and (ii) of the May 2, 2024 avoidance and mediation procedures order [ECF No. 3163] (the "May 2, 2024 Procedures Order")[2] and (b) mediation stays under ¶ 2(j)(iii) of the May 2, 2024 Procedures Order[3]; and sets a December 15, 2025 answer deadline for claims that had previously been fully stayed.

- The Revised Outline has eliminated distinctions between "tranches" of defendants, which are no longer necessary given that stays under ¶¶ 2(e)(i) and 2(j)(iii) of the May 2, 2024 Procedures Order will be lifted, and the parties will follow a common discovery schedule.

- The Revised Outline incorporates the stay of constructive fraudulent transfer claims,[4] which the Joint Defendants' Proposal removed.

- The Trustee notes that the Joint Defendants removed the prohibition on motions under Fed. R. Civ. P. 12 and 56.[5]  As a compromise, the Revised Outline requires parties wishing to prosecute motions under Fed. R. Civ. P. 12 and 56 to first obtain leave of the Court by filing short (maximum four-page) pre-motion requests.

---

[2]	These have been referred to as "3A" and "3B" stays, after the exhibit numbers to May 2, 2024 Procedures Order.

[3]	Under the Revised Outline, mediation of avoidance claims may continue on a voluntary basis.  The Trustee is in the process of scheduling numerous mediation sessions with the assigned mediators and mediating defendants, and the Trustee looks forward to productive discussions.

[4]	The Trustee included this provision in his original outline based on the Court's comments at the October 21, 2025 hearing, at which the Court noted that adjudication of the Trustee's actual intent fraudulent transfer claims may dispense with the need to litigate constructive fraudulent transfer claims (filed in a small minority of actions).

[5]	Again, the Trustee included this provision based on the Court's comments at the October 21, 2025 hearing.

4.      The Trustee is prepared to engage in further constructive discussions with avoidance defendants as to procedures for orderly and efficient avoidance litigation with due consideration of the parties' respective rights and interests.

*[THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK.]*

Dated:    October 30, 2025            LUC A. DESPINS,
           New Haven, Connecticut      CHAPTER 11 TRUSTEE


By: */s/ Patrick R. Linsey*
    Patrick R. Linsey (ct29437)
    NEUBERT, PEPE & MONTEITH, P.C.
    195 Church Street, 13th Floor
    New Haven, Connecticut 06510
    (203) 781-2847
    plinsey@npmlaw.com

       *and*

    Nicholas A. Bassett *(*admitted *pro hac vice)*
    PAUL HASTINGS LLP
    2050 M Street NW
    Washington, D.C., 20036
    (202) 551-1902
    nicholasbassett@paulhastings.com

       *and*

    Douglass Barron (admitted *pro hac vice*)
    PAUL HASTINGS LLP
    200 Park Avenue
    New York, New York 10166
    (212) 318-6690
    aviluft@paulhastings.com

    *Counsel for the Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------------x
                                 :

In re:                          :  Chapter 11
                                 :

HO WAN KWOK, *et al.*,         :  Case No. 22-50073 (JAM)
                                 :

            Debtors.[1]      :  Jointly Administered
                                 :

---------------------------------------------------------------x

## CERTIFICATE OF SERVICE

The foregoing, including all exhibits and attachments thereto, was filed on the date hereof in the Chapter 11 Case using the Court's case management/electronic case files system ("CM/ECF"). Notice of the foregoing was sent automatically via email by operation of CM/ECF on all parties appearing in the Chapter 11 Case that are eligible to receive electronic notice.

Dated:     October 30, 2025
          New Haven, Connecticut

                             By: */s/ Patrick R. Linsey*
                                 Patrick R. Linsey (ct29437)
                                 NEUBERT, PEPE & MONTEITH, P.C.
                                 195 Church Street, 13th Floor
                                 New Haven, Connecticut 06510
                                 (203) 781-2847
                                 plinsey@npmlaw.com

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

# EXHIBIT A

# (Revised Outline – Clean)

**CHAPTER 11 TRUSTEE'S FURTHER COUNTERPROPOSAL TO JOINT DEFENDANTS' COUNTERPROPOSAL OF PROPOSED PRETRIAL PROCEDURES**

| Subject | General Description |
|---|---|
| **Termination of Full and Partial Stay and Mediation Stay and Establishment of Answer Deadline for Stayed Defendants** | • Any full and partial stays under ¶ 2(e) (i) and (ii) of the May 2, 2024 avoidance and mediation procedures order [ECF No. 3163] (the "May 2, 2024 Procedures Order") and any mediation stays under ¶ 2(j)(iii) of the May 2, 2024 Procedures Order shall terminate effective **Nov. 10, 2024**, *provided, however*, Mediation Proceedings under the May 2, 2024 Procedures Order may continue upon the consent of parties to the specific mediation and the Mediator. <br><br> • Any Defendant subject to claims that had been fully stayed under ¶¶ 2(e)(i) or 2(j)(iii) of the May 2, 2024 Procedures Order, which stays were terminated by the foregoing provision, shall file an answer by **Dec. 15, 2025**, *provided, however*, if the Trustee has filed a pending motion for leave to amend his Avoidance Complaint (a "Motion to Amend"), such Defendant shall respond to the Motion to Amend (by objection or by stipulation consenting to the amendment) by **Dec. 15, 2025**, and such Defendant shall thereafter file an answer to the applicable complaint within 14 days of the resolution (by Court Order or by stipulation) of the Motion to Amend. |
| **Stay of Constructive Fraudulent Transfer Claims** | • Litigation of any constructive fraudulent transfer claims under section 548(a)(1)(A) of the Bankruptcy Code or section 544(b) of the Bankruptcy Code and applicable state law shall be stayed pending resolution of the Trustee's actual intent fraudulent transfer claims or further order of the Court. |
| **Initial Disclosures** | • Initial Disclosures: **Nov. 14, 2025**, *provided, however,* as to Defendants subject to claims that had been fully stayed under ¶¶ 2(e)(i) or 2(j)(iii) of the May 2, 2024 Procedures Order, **Dec. 15, 2025**. <br><br> • Trustee's obligations under Rule 26(a)(1)(A)(ii) and as to documents and evidentiary material under Rule 26(a)(1)(A)(iii) will be satisfied by the population of the Depository as set forth below. |

| **Discovery Schedule** | <ul><li>Trustee will populate by **Jan. 2, 2026** the Depository[1] with Data Rooms (with folders organized by source) with documents related to (i) all alter ego entities involved in alleged avoidable transfers, (ii) any appearing Defendant, and (iii) his allegations in Avoidance Complaints asserting claims for actual intent in respect to fraudulent transfer claims.</li><li>Initial RFPs (issued by the Trustee only); Interrogatories (for all parties); and RFAs (for all parties) served no later than: **Feb. 2, 2026** (+31)[2]</li><li>Responses/Objections/Production[3] : **March 4, 2026** (+61)</li><li>Fact Discovery Deadline: **June 1, 2026** (+150)</li><li>Avoidance Action trials begin: Week of **June 15, 2026** (+164)</li></ul> |
| --- | --- |
| **Mediation Provisions** | <ul><li>Mediation Proceedings may continue, *provided, however*, such proceedings shall be terminable by either party or by the Mediator upon written notice to the Mediator and parties to the specific mediation.</li></ul> |
| **Written Discovery** | <ul><li>Defendant Interrogatories / Requests for Admission<ul><li>Joint by Relevant Alter Ego: As to issues regarding alter ego entities involved in alleged avoidable transfers, all Defendants as to which a particular entity is relevant shall cooperate to issue no more than 15 joint interrogatories and 15 joint requests for admission per entity.</li><li>Unique by Defendant: Each Defendant may issue up to 10 interrogatories and 10 requests for admission related to all other issues in their particular avoidance action.</li><li>Any Defendant may seek an increase in the number of written discovery requests by agreement or order of</li></ul></li></ul> |

---

[1] Capitalized terms defined herein shall have the meaning set forth in the *Trustee's Second Revised Proposed Order Granting Chapter 11 Trustee's Motion for Entry of Order: (I) Supplementing, Amending, and Superseding (A) Order Directing Parties to Mediations, Appointing the Honorable James J. Tancredi as Mediator, and Amending Order Approving Procedures Applicable to Avoidance Claim Adversary Proceedings; and (B) Order Amending Order Directing Parties to Mediation, Appointing the Honorable James J. Tancredi as Mediator, and Amending Order Approving Procedures Applicable to Avoidance Claim Adversary Proceedings to Facilitate Consensual Pre-Litigation and Pre-Appearance Mediation; and (II) Approving Intervention of Appropriate Avoidance Defendants in Omnibus Alter Ego Actions as to Alter Ego Claims Against Specified Alter Ego Defendants*, which is available at Docket No. 4749 at Exhibit 1, and the exhibits thereto.

[2] The +[number] is the number of days from population of the Depository.

[3] The date to commence production, which may be rolling based on a schedule agreed to by the Trustee and that particular Defendant.

| | |
|---|---|
| | the Court. |
| | • Trustee's Interrogatories / Requests for Admission: Maximum of 25 interrogatories and 25 requests for admissions for the Trustee as against each Defendant, subject to potential increase by agreement or order of the Court. |
| | • To the extent the Defendants believe relevant documents and information are not available or readily identifiable in the Depository, they shall serve a draft request for production identifying such documents and information ("Draft RFP"), and promptly meet and confer with the Trustee to determine whether such documents and information exist in the Trustee's possession, custody, or control, or are identifiable in the Depository. If the parties cannot resolve this issue, such Defendant(s) may seek relief from the Court to order production of the documents and information identified in the Draft RFP into the Depository. |
| | • Production of documents or information shall neither constitute nor evidence waiver of attorney-client privilege or work product doctrine (*i.e.*, reciprocal non-waiver provision). |
| **Trustee's Document Depository and Privilege Logs** | • Trustee intends to produce responsive documents through Depository, organized into Data Rooms (further organized by producing party), subject to Trustee's reservations that vast majority of documents were produced to Trustee by third parties, Trustee makes no representations as to accuracy/authenticity of such documents, and inclusion of documents does not constitute admission or basis to argue documents are relevant/admissible or constitute admission of any fact. |
| | • Access to depository shall be limited to counsel and defendants that have signed operative Protective Order/Addendum and that are engaged in discovery with Trustee under this Order. Protective Order/Addendum shall otherwise apply in all discovery proceedings under this Order. |
| | • Trustee will serve in the initial instance a categorical privilege log identifying, for each category of withheld documents, (a) general parties to such documents/ communications (e.g., the Debtor and his bankruptcy counsel at a particular law firm), (b) the general subject matter of the withheld documents (e.g., legal advice related to bankruptcy filing), (c) the date range of the documents in the category, and (d) the basis for the asserted privilege (e.g., attorney-client privilege, work product, etc.). The Trustee will meet and confer with defendants after providing the categorical log if defendants believe further information regarding privileges asserted by Trustee is required as to any categories. |
| **Deposition Discovery** | • Deposition discovery shall not commence prior to **March 16, 2026** (+73). |

| | |
|---|---|
| | • Trustee and Defendants shall cooperate in scheduling depositions and ensuring that Trustee and all appearing Defendants receive notice of any depositions. |
| | • Defendants shall share time and cooperate in posing questions to witnesses and shall make their best efforts to not pose duplicative questions. |
| | • Unless otherwise ordered by the Court, the parties shall depose an individual or corporate representative one time, provided that the time period specified in Rule 30(d)(1) may be enlarged by agreement or order of the Court for good cause shown. |
| **Expert Discovery** | • Any party that would like to disclose an expert under Rule 26(a)(2)(A) shall provide such notice to the other party by 60 days prior to the end of fact discovery. The parties shall either stipulate to or seek an order of the Court to set a schedule for the disclosures required under Rule 26(a)(2)(B) and any expert-related discovery. |
| **Trials / Intervention in Omnibus Alter Ego Actions** | • The Court shall hold a status conference approximately 21 days prior to the close of fact discovery for the purpose of scheduling any pre-trial and trial proceedings. <br><br> • The Trustee will file a motion requesting approval of similar procedures in the Omnibus Alter Ego Actions so that claims may be litigated and tried under Rule 42 to avoid duplication of efforts and redundant proceedings. <br><br> • Any trial proceedings shall be sequenced and/or consolidated as appropriate, including under Rule 42 (as made applicable by FRBP 7042), with priority given to adjudicating first claims involving postpetition transfers and transfers involving entities already established as the Debtor's alter egos by existing judgments. |
| **Pre-Motion Requests as to Certain Motions** | • A pre-motion request (a "Pre-Motion Request") (of no more than four pages) shall be filed prior to filing or adjudication of any motion under FRCP 12 or 56, which Pre-Motion Request shall set forth the basis for the proposed motion, to which any adverse party may file a written response (a "Pre-Motion Response") (of no more than four pages) within fourteen (14) days. For the avoidance of doubt, this requirement shall apply to any Defendant subject to claims that had been fully stayed under ¶¶ 2(e)(i) or 2(j)(iii) of the May 2, 2024 Procedures Order that filed a motion under FRCP 12 or 56 prior to or during such stay. <br><br> • After the filing of a Pre-Motion Request and any Pre-Motion |

| | Response, the Court may rule on the papers as to whether the requesting party may file the proposed motion or may schedule a status conference to discuss the Pre-Motion Request. |
|---|---|
| **Submission of Order and Schedule** | • Trustee and Defendants shall submit a proposed order incorporating these terms to the Court for each applicable adversary proceeding. |

# EXHIBIT B

# (Revised Outline – Redline)

**~~CERTAIN~~CHAPTER 11 TRUSTEE'S FURTHER COUNTERPROPOSAL TO JOINT ~~DEFENDANTS~~DEFENDANTS' COUNTERPROPOSAL OF PROPOSED PRETRIAL PROCEDURES**

| Subject | General Description |
|---|---|
| **~~Defendants Subject to First Discovery Litigation Schedule ("First Tranche Defendants")~~** | ~~Aaron Mitchell; Aaron Mitchell; ACASS Canada Limited; ACASS U.S.A. Inc.; Agora Lab, Inc.; Apple Inc.; Appsflyer Inc.; Bering Yachts, LLC; Berkeley Rowe Limited; Boardwalk Motor Imports, LLC; Boies Schiller Flexner LLP; Bourne in Time Inc.; Brune Law PC; Debeche, Kamel; FFP (BVI) Limited; Frankfurt Kurnit Klein & Selz PC; G4S Security Systems (Hong Kong) Ltd.; Ganfer Shore Leeds & Zauderer, LLP; Gunderson, Mark; Guo, Mei; Kdebeche, Inc.; LaBarbiera Custom Homes, LLC; Law Office of Neil Sunkin; Lawall & Mitchell LLC; Li, Weihu; Meta Platforms, Inc.; Miller Motorcars, Inc.; Miller, Jason; ModSquad, Inc.; Mountains of Spices, Inc.; Ngok, Hing Chi; Ogier; Petrillo Klein & Boxer LLP; Putnam's Landscaping, LLC; Quinones Law PLLC; Rovello Electric Inc.; Scarabaeus Wealth Management AG n/k/a Prime Fund Solutions AG; Shujuan Craven nka Milne; The Clear Creek Group, LLC; The Vision Group dba Bang & Olufsen; V.X. Cerda & Associates P.A.; WA HF LLC; Walden Macht Haran & Williams LLP; Warp & Weft Concepts Inc.; Weddle Law PLLC; Wedlake Bell LLP; Yankwitt LLP; Yongbing Zhang; Zeisler & Zeisler, P.C.; and ZYB & Associates LLC~~ |
| **~~Defendants Remaining in Mediation Proceedings ("Second Tranche Defendants")[1]~~** | ~~3 Columbus Circle, LLC; Amazon Web Services, Inc.; Amazon.com, Inc.; American Express Company & affiliate co-defendants; Anthem Health Plans, Inc.; Anthem HealthChoice Assurance, Inc. dba Empire Blue Cross Blue Shield; B&H Foto & Electronics, Corp.; Cloudflare, Inc.; Cohen Howard LLP; Direct Persuasion LLC; Eficens Systems LLC; Groeyber LLC; Nardello & Co., LLC; Ohtzar Shlomo Solomon Treasure LLC; On the Spot Home Improvement, Inc.; Phillips Nizer LLP; Reach Manufacturing, LLC; Reichard & Escalera LLC; Sedgwick Realty Corp.; Teris-Phoenix, LLC; Triple2 Digital~~ |

---

~~[1] The Joint Defendants have no objection to including every avoidance action adversary proceeding defendant in either the First Tranche or Second Tranche to allow those cases to proceed on the same track, which would address the Court's concern on completing the adjudication of all such actions in a timely manner; provided, however, that any mediations between the Second Tranche Defendants and the Trustee shall continue on the timeline provided herein. The Joint Defendants further recognize that certain avoidance actions may have been fully stayed, and, thus, defendants may not yet have had the opportunity to mediate the claims against them. Accordingly, those defendants might seek to be included in the Second Tranche so that they can have the opportunity to participate in mediation under the schedule proposed.~~

| | |
|---|---|
| | LLC; Troutman Pepper Hamilton Sanders LLP; Urban Legend Media, Inc.; and Zeta Global Corp. |
| **Answer / Initial Disclosure Termination of Full and Partial Stay and Mediation Stay and Establishment of Answer Deadline for Stayed Defendants** | • Motions to Amend Complaints<br>  ○ Any of the Trustee's pending motions to amend complaints in the Defendants' (as defined below) avoidance actions shall be heard by the Court on or before [_____ __, 2025] (each a "Motion to Amend").<br>• First Tranche Defendants:<br>  ○ Initial Disclosures: The later of (i) **Nov. 14, 2025**, or (ii) 14 days after any order granting a Motion to Amend.<br>  ○ Answers Due (if not already filed, and superseding any answer deadline set by prior stipulation): The later of (i) **Nov. 14, 2025** or (ii) 14 days after any order granting a Motion to Amend.<br>• Second Tranche Defendants (as defined below):<br>  ○ Initial Disclosures: The later of (i) **Jan. 14, 2026**, or (ii) 14 days after any order granting a Motion to Amend.<br>• Answers Due (if not already filed, and superseding any answer deadline set by prior stipulation): The later of (i) **Jan. 14, 2026**, or (ii) 14 days after any order granting a Motion to Amend. Any full and partial stays under ¶ 2(e)(i) and (ii) of the May 2, 2024 avoidance and mediation procedures order [ECF No. 3163] (the "May 2, 2024 Procedures Order") and any mediation stays under ¶ 2(j)(iii) of the May 2, 2024 Procedures Order shall terminate effective **Nov. 10, 2024**, *provided, however*, Mediation Proceedings under the May 2, 2024 Procedures Order may continue upon the consent of parties to the specific mediation and the Mediator.<br><br>Any Defendant subject to claims that had been fully stayed under ¶¶ 2(e)(i) or 2(j)(iii) of the May 2, 2024 Procedures Order, which stays were terminated by the foregoing provision, shall file an answer by **Dec. 15, 2025**, *provided, however*, if the Trustee has filed a pending motion for leave to amend his Avoidance Complaint (a "Motion to Amend"), such Defendant shall respond to the Motion to Amend (by objection or by stipulation consenting to the amendment) by **Dec. 15, 2025**, and such Defendant shall thereafter file an answer |

2

| | |
|---|---|
| | to the applicable complaint within 14 days of the resolution (by Court Order or by stipulation) of the Motion to Amend.<br><br>• ~~Trustee's obligations under Rule 26(a)(1)(A)(ii) will be satisfied by the population of the Depository as set forth below.~~ |
| **Stay of Constructive Fraudulent Transfer Claims** | • Litigation of any constructive fraudulent transfer claims under section 548(a)(1)(A) of the Bankruptcy Code or section 544(b) of the Bankruptcy Code and applicable state law shall be stayed pending resolution of the Trustee's actual intent fraudulent transfer claims or further order of the Court. |
| **Initial Disclosures** | • Initial Disclosures: **Nov. 14, 2025**, *provided, however,* as to Defendants subject to claims that had been fully stayed under ¶¶ 2(e)(i) or 2(j)(iii) of the May 2, 2024 Procedures Order, **Dec. 15, 2025**.<br><br>• Trustee's obligations under Rule 26(a)(1)(A)(ii) and as to documents and evidentiary material under Rule 26(a)(1)(A)(iii) will be satisfied by the population of the Depository as set forth below. |
| **Discovery Schedule** | • Trustee ~~populates~~will populate by **Jan. 2, 2026** the Depository[2] with Data Rooms ~~for (i) all transferor entities~~ (with folders organized by source~~), which Data Rooms will include~~) with documents related to (i) all alter ego entities involved in alleged avoidable transfers, (ii) any appearing Defendant, and ~~information supporting the Trustee's claims under 11 U.S.C. § 549, and (ii~~(iii) his allegations in Avoidance Complaints asserting claims for actual intent ~~or constructive~~in respect to fraudulent transfer ~~under the Bankruptcy Code and/or comparable state avoidance statutes: **January 2, 2026**.[3]~~claims. |

---

[2] Capitalized terms defined herein shall have the meaning set forth in the *Trustee's Second Revised Proposed Order Granting Chapter 11 Trustee's Motion for Entry of Order: (I) Supplementing, Amending, and Superseding (A) Order Directing Parties to Mediations, Appointing the Honorable James J. Tancredi as Mediator, and Amending Order Approving Procedures Applicable to Avoidance Claim Adversary Proceedings; and (B) Order Amending Order Directing Parties to Mediation, Appointing the Honorable James J. Tancredi as Mediator, and Amending Order Approving Procedures Applicable to Avoidance Claim Adversary Proceedings to Facilitate Consensual Pre-Litigation and Pre-Appearance Mediation; and (II) Approving Intervention of Appropriate Avoidance Defendants in Omnibus Alter Ego Actions as to Alter Ego Claims Against Specified Alter Ego Defendants*, which is available at Docket No. 4749 at Exhibit 1, and the exhibits thereto.

[3] ~~The earliest date that Trustee has indicated the Depository can be available.~~

| | |
|---|---|
| | • Initial RFPs (~~for~~issued by the Trustee only); Interrogatories (for all parties); and RFAs (for all parties) served no later than: **Feb. ~~16~~2, 2026** (+~~45~~31)[4]<br>• Responses/Objections/Production[5] : **March ~~18~~4, 2026** (+~~75~~61)<br>• Fact Discovery Deadline: ~~July~~**June 1, 2026** (+~~180~~150)<br>• Avoidance Action trials begin: Week of **~~August 17~~June 15, 2026** (+~~227~~164) |
| **Mediation Provisions** | • ~~Mediation immediately terminated as to all First Tranche Defendants, *provided, however,* that First Tranche Defendants and Trustee may request mediation if jointly requested and approved by Court.~~<br><br>• ~~Further~~ Mediation Proceedings ~~with Second Tranche Defendants~~may continue, *provided, however*, such proceedings shall ~~conclude~~be terminable by either party or by ~~**December 31, 2025**.~~[6]<br><br>• ~~On **Jan. 6, 2026**, Trustee shall file~~the Mediator upon written notice ~~as~~to the Mediator and parties to ~~which Second Tranche Defendants the Trustee has reached settlement with (subject to Court approval) and which claims remain in dispute.~~the specific mediation. |
| **~~Full and Partial Stay Lifted as to All Defendants~~** | • ~~Full stay (3A) and partial stay (3B) are lifted as to all avoidance action defendants (collectively with the First Tranche Defendants and Second Tranche Defendants, "Defendants").~~ |
| **Written Discovery** | • Defendant Interrogatories / Requests for Admission<br>   o Joint by ~~Alleged~~Relevant Alter Ego ~~Entity:~~[7] ~~With regard~~: As to issues ~~related to disregarding the corporate form of an alleged~~ regarding alter ego ~~entity~~entities involved in alleged avoidable transfers, all Defendants ~~with transfers from~~as to which a particular ~~alleged alter ego~~ entity is relevant shall cooperate to issue no more than ~~25~~15 joint interrogatories and ~~25~~15 joint requests for admission per ~~alleged alter ego~~ entity. |

---

[4] The +[number] is the number of days from population of the Depository.

[5] The date to commence production, which may be rolling based on a schedule agreed to by the Trustee and that particular Defendant.

[6] ~~Defendants would like to discuss with the Court a mechanism to potentially continue mediations with the agreement of the parties beyond December 31, 2025, if necessary.~~

[7] ~~This proposal is subject to the Trustee providing a schedule of all avoidance actions identifying the Defendant, the alleged alter ego transferor entities, and counsel of record (if any) to facilitate such joint efforts.~~

|  | <ul><li>o Unique by Defendant: Each Defendant may issue up to ~~15~~10 interrogatories and ~~15~~10 requests for admission related to all other issues in their particular avoidance action.</li><li>o Any Defendant may seek an increase in the number of written discovery requests by agreement or order of the Court.</li></ul><ul><li>Trustee's Interrogatories / Requests for Admission: Maximum of 25 interrogatories and 25 requests for admissions for the Trustee ~~in~~as against each ~~pending avoidance action adversary proceedings~~Defendant, subject to potential increase by agreement or order of the Court.</li><li>To the extent the Defendants believe relevant documents and information are not available or readily identifiable in the Depository, they shall serve a draft request for production identifying such documents and information ("<u>Draft RFP</u>"), and promptly meet and confer with the Trustee to determine whether such documents and information exist in the Trustee's possession, custody, or control, or are identifiable in the Depository. If the parties cannot resolve this issue, such Defendant(s) may seek relief from the Court to order production of the documents and information identified in the Draft RFP into the Depository.</li><li>Production of documents or information shall neither constitute nor evidence waiver of attorney-client privilege or work product doctrine (*i.e.*, reciprocal non-waiver provision).</li></ul> |
|---|---|
| **Trustee's Document Depository and Privilege Logs** | <ul><li>Trustee intends to produce responsive documents through Depository, organized into Data Rooms (further organized by producing party), subject to Trustee's reservations that vast majority of documents were produced to Trustee by third parties, Trustee makes no representations as to accuracy/authenticity of such documents, and inclusion of documents does not constitute admission or basis to argue documents are relevant/admissible or constitute admission of any fact.</li><li>Access to depository shall be limited to counsel and defendants that have signed operative Protective Order/Addendum and that are engaged in discovery with Trustee under this Order. Protective Order/Addendum shall otherwise apply in all discovery proceedings under this Order.</li><li>Trustee will serve in the initial instance a categorical privilege log identifying, for each category of withheld documents, (a) general parties to such documents/ communications (e.g., the Debtor and his bankruptcy counsel at a particular law firm), (b) the general subject matter of the withheld documents (e.g., legal advice related to bankruptcy filing), (c) the date range of the documents in the category, and (d) the basis for the asserted privilege (e.g., attorney-client privilege, work product, etc.).</li></ul> |

| | |
|---|---|
| | The Trustee will meet and confer with defendants after providing the categorical log if defendants believe further information regarding privileges asserted by Trustee is required as to any categories. |
| **Deposition Discovery** | • Deposition discovery shall not commence prior to **March ~~18~~16, 2026** (+~~75~~73).<br><br>• Trustee and Defendants shall cooperate in scheduling depositions and ensuring that Trustee and all appearing Defendants receive notice of any depositions.<br><br>• Defendants shall share time and cooperate in posing questions to witnesses and shall make their best efforts to not pose duplicative questions.<br><br>• Unless otherwise ordered by the Court, the parties shall depose an individual or corporate representative one time, provided that the time period specified in Rule 30(d)(1) may be enlarged by agreement or order of the Court for good cause shown. |
| **Expert Discovery** | • Any party that would like to disclose an expert under Rule 26(a)(2)(A) shall provide such notice to the other party by 60 days prior to the end of fact discovery. The parties shall either stipulate to or seek an order of the Court to set a schedule for the disclosures required under Rule 26(a)(2)(B) and any expert-related discovery. |
| **Trials / Intervention in Omnibus Alter Ego Actions** | • The Court shall hold a status conference approximately 21 days prior to the close of fact discovery for the purpose of scheduling any pre-trial and trial proceedings.<br><br>• ~~Defendants desiring to seek intervention~~The Trustee will file a motion requesting approval of similar procedures in the Omnibus Alter Ego Actions ~~shall file a motion~~ so that claims may be litigated and tried under Rule ~~24 by **December 31, 2025**~~.42 to avoid duplication of efforts and redundant proceedings.<br><br>• Any trial proceedings ~~conducted by the Bankruptcy Court~~ shall be sequenced and/or consolidated as appropriate, including under Rule 42 (as made applicable by FRBP 7042), with priority given to adjudicating first ~~the issues in the Omnibus Alter Ego Actions~~claims involving postpetition transfers and transfers involving entities already established as the Debtor's alter egos by existing judgments. |
| **Pre-Motion Requests as to Certain Motions** | • A pre-motion request (a "Pre-Motion Request") (of no more than four pages) shall be filed prior to filing or adjudication of any motion under FRCP 12 or 56, which Pre-Motion Request |

| | shall set forth the basis for the proposed motion, to which any adverse party may file a written response (a "Pre-Motion Response") (of no more than four pages) within fourteen (14) days. For the avoidance of doubt, this requirement shall apply to any Defendant subject to claims that had been fully stayed under ¶¶ 2(e)(i) or 2(j)(iii) of the May 2, 2024 Procedures Order that filed a motion under FRCP 12 or 56 prior to or during such stay.<br><br>• After the filing of a Pre-Motion Request and any Pre-Motion Response, the Court may rule on the papers as to whether the requesting party may file the proposed motion or may schedule a status conference to discuss the Pre-Motion Request. |
|---|---|
| **Submission of Order and Schedule** | • Trustee and Defendants shall submit a proposed order incorporating these terms to the Court for each applicable adversary proceeding. |