**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------------x

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| HO WAN KWOK, *et al.*,[1] | : Case No. 22-50073 (JAM) |
| | : |
| Debtors. | : (Jointly Administered) |
| | : |

---------------------------------------------------------------x

| | |
|---|---|
| LUC A. DESPINS, CHAPTER 11 TRUSTEE, | : Adv. Proceeding Nos. 24-05005, 24-05006, |
| | : 24-05008, 24-05009, 24-05010, 24-05011, |
| | : 24-05012, 24-05013, 24-05014, 24-05015, |
| Plaintiff, | : 24-05016, 24-05017, 24-05018, 24-05019, |
| | : 24-05020, 24-05021, 24-05022, 24-05023, |
| v. | : 24-05024, 24-05025, 24-05026, 24-05027, |
| | : 24-05028, 24-05029, 24-05030, 24-05031, |
| AVOIDANCE DEFENDANTS, | : 24-05032, 24-05033, 24-05035, 24-05036, |
| | : 24-05037, 24-05038, 24-05039, 24-05040, |
| Defendants. | : 24-05041, 24-05042, 24-05043, 24-05044, |
| | : 24-05045, 24-05046, 24-05047, 24-05048, |
| | : 24-05049, 24-05050, 24-05051, 24-05052, |
| | : 24-05053, 24-05054, 24-05055, 24-05056, |
| | : 24-05057, 24-05058, 24-05059, 24-05060, |
| | : 24-05061, 24-05062, 24-05063, 24-05064, |
| | : 24-05065, 24-05066, 24-05067, 24-05068, |
| | : 24-05069, 24-05070, 24-05071, 24-05072, |
| | : 24-05073, 24-05074, 24-05075, 24-05076, |
| | : 24-05077, 24-05078, 24-05079, 24-05080, |
| | : 24-05081, 24-05082, 24-05084, 24-05085, |
| | : 24-05086, 24-05087, 24-05088, 24-05089, |
| | : 24-05090, 24-05091, 24-05092, 24-05093, |
| (caption continues on next page) | : 24-05094, 24-05095, 24-05096, 24-05097, |
| | : 24-05098, 24-05099, 24-05100, 24-05101, |

---

[1]     The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

24-05102, 24-05103, 24-05104, 24-05105,
24-05106, 24-05107, 24-05108, 24-05109,
24-05110, 24-05111, 24-05112, 24-05113,
24-05114, 24-05115, 24-05116, 24-05117,
24-05118, 24-05119, 24-05120, 24-05121,
24-05122, 24-05123, 24-05124, 24-05125,
24-05126, 24-05127, 24-05128, 24-05129,
24-05130, 24-05131, 24-05133, 24-05134,
24-05135, 24-05136, 24-05137, 24-05138,
24-05139, 24-05140, 24-05141, 24-05142,
24-05143, 24-05144, 24-05145, 24-05146,
24-05147, 24-05148, 24-05149, 24-05150,
24-05151, 24-05152, 24-05153, 24-05154,
24-05155, 24-05156, 24-05157, 24-05159,
24-05160, 24-05161, 24-05162, 24-05163,
24-05164, 24-05165, 24-05166, 24-05167,
24-05168, 24-05169, 24-05170, 24-05171,
24-05172, 24-05173, 24-05174, 24-05175,
24-05176, 24-05177, 24-05178, 24-05179,
24-05180, 24-05181, 24-05182, 24-05184,
24-05185, 24-05186, 24-05188, 24-05189,
24-05190, 24-05191, 24-05192, 24-05193,
24-05195, 24-05196, 24-05197, 24-05198,
24-05199, 24-05200, 24-05201, 24-05202,
24-05203, 24-05204, 24-05205, 24-05206,
24-05207, 24-05208, 24-05209, 24-05210,
24-05211, 24-05212, 24-05214, 24-05215,
24-05216, 24-05217, 24-05218, 24-05219,
24-05220, 24-05221, 24-05222, 24-05223,
24-05224, 24-05225, 24-05226, 24-05227,
24-05228, 24-05229, 24-05230, 24-05231,
24-05232, 24-05233, 24-05234, 24-05235,
24-05236, 24-05237, 24-05238, 24-05239,
24-05240, 24-05241, 24-05242, 24-05243,
24-05244, 24-05245, 24-05246, 24-05247,
24-05248, 24-05250, 24-05251, 24-05252,
24-05253, 24-05254, 24-05255, 24-05256,
24-05257, 24-05258, 24-05259, 24-05260,
24-05261, 24-05262, 24-05263, 24-05264,
24-05265, 24-05266, 24-05267, 24-05268,

(caption continues on next page)

:  24-05269, 24-05270, 24-05271, 24-05272,
:  24-05274, 24-05275, 24-05276, 24-05279,
:  24-05280, 24-05282, 24-05286, 24-05287,
:  24-05288, 24-05289, 24-05290, 24-05291,
:  24-05292, 24-05293, 24-05294, 24-05295,
:  24-05296, 24-05297, 24-05298, 24-05299,
:  24-05300, 24-05301, 24-05302, 24-05303,
:  24-05304, 24-05305, 24-05306, 24-05307,
:  24-05308, 24-05309, 24-05310, 24-05313,
:  24-05315, 24-05316, 24-05317, 25-05003,
:  25-05004, 25-05005, 25-05006, 25-05007,
:  25-05008, 25-05009, 25-05010, 25-05011,
:  25-05012, 25-05013, 25-05014, 25-05015,
:  25-05016, 25-05017, 25-05018, 25-05019,
:  25-05020, 25-05021, 25-05022, 25-05023,
:  25-05024, 25-05025, 25-05026, 25-05027,
:  25-05028, 25-05029, 25-05030, 25-05031,
:  25-05032, 25-05033, 25-05034, 25-05035,
:  25-05036, 25-05037, 25-05038, 25-05039,
:  25-05040, 25-05041, 25-05042, 25-05043,
:  25-05044, 25-05045, 25-05046, 25-05047,
:  25-05048, 25-05049, 25-05050, 25-05051,
:  25-05052, 25-05057, 25-05058, 25-05059,
:  25-05061, 25-05067, 25-05068, 25-05069,
:  25-05070, 25-05071, 25-05072, 25-05073,
:  25-05074, 25-05075, 25-05076, 25-05077,
:  25-05078, 25-05079, 25-05080, 25-05081,
:  25-05082, 25-05083, 25-05084, 25-05085,
:  25-05086, 25-05087, 25-05088, 25-05089,
:  25-05090, 25-05091, 25-05092, 25-05093,
:  25-05094, 25-05095, 25-05096, 25-05097,
:  25-05098, 25-05099, 25-05100, 25-05101,
:  25-05102, 25-05103, 25-05104, 25-05105
-----------------------------------------------------------------x

**NOTICE OF ENTRY OF ORDER: (A) GRANTING IN PART CHAPTER 11
TRUSTEE'S MOTION FOR ENTRY OF ORDER AMENDING
AVOIDANCE AND MEDIATION PROCEDURES; AND
(B) ENTERING AVOIDANCE ACTION PRETRIAL ORDER**

3

PLEASE TAKE NOTICE: that the Court's *Order: (A) Granting in Part Chapter 11 Trustee's Motion for Entry of Order Amending Avoidance and Mediation Procedures; and (B) Entering Avoidance Actions Pretrial Order* [Main Case ECF No. 4828] (the "Order") dated November 6, 2025, appended hereto as **Exhibit A**, has entered, which Order is binding in this adversary proceeding as if it were entered as a separate order herein.

Dated:     November 7, 2025                    LUC A. DESPINS,
           New Haven, Connecticut              CHAPTER 11 TRUSTEE,


                                               By: */s/ Patrick R. Linsey*
                                                   Patrick R. Linsey (ct29437)
                                                   NEUBERT, PEPE & MONTEITH, P.C.
                                                   195 Church St., 13th Fl.
                                                   New Haven, CT 06510
                                                   Tel: (203) 781-2847
                                                   Fax: (203) 821-2008
                                                   plinsey@npmlaw.com

                                                   *Counsel for the Chapter 11 Trustee*

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re: | Chapter 11 |
| HO WAN KWOK, *et al.*, | Case No. 22-50073 (JAM) |
| | (Jointly Administered) |
| Debtors.[1] | Re: ECF No. 4628 |

### ORDER: (A) GRANTING IN PART CHAPTER 11 TRUSTEE'S MOTION FOR ENTRY OF ORDER AMENDING AVOIDANCE AND MEDIATION PROCEDURES; AND (B) ENTERING AVOIDANCE ACTIONS PRETRIAL ORDER

I.      **The Chapter 11 cases and the avoidance actions**

On February 15, 2022, Mr. Ho Wan Kwok (the "Individual Debtor") filed a voluntary Chapter 11 petition in this Court. On July 8, 2022, Mr. Luc A. Despins, was appointed as Chapter 11 trustee (the "Trustee") for the bankruptcy estate of the Individual Debtor. After the Trustee was appointed in the Individual Debtor's case, the Court ordered the joint administration of the Individual Debtor's case with the Chapter 11 cases of two related corporate entities, Genever Holdings LLC and Genever Holdings Corporation (the "jointly administered Chapter 11 cases"). Before reviewing the relief the Trustee is seeking with regard to existing orders in these jointly administered Chapter 11 cases, it is important to note the procedural history of the related adversary proceedings.

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

Beginning on February 1, 2024, the Trustee commenced almost 400 adversary proceedings seeking to avoid certain transfers he alleges are property of the Individual Debtor's estate (collectively, the "Avoidance Actions"). All the complaints in the Avoidance Actions assert claims against hundreds of defendants (collectively, the "Avoidance Action Defendants") under sections 544, 547, 548, 549, and/or 550 of the Bankruptcy Code and analogous claims under applicable state law. Before and after the commencement of the Avoidance Actions, the Trustee filed several motions to establish procedures for the management and mediation of the Avoidance Actions. To date, the following orders have governed the management and mediation of the Avoidance Actions:

1.  The Avoidance Action Procedures Order dated February 7, 2024 (ECF No. 2578);

2.  The Order Directing Parties to Mediation, Appointing the Honorable James J. Tancredi as Mediator, and Amending Avoidance Action Procedures Order dated May 2, 2024 (the "Litigation Procedures Order," ECF No. 3163). Among other things, the Litigation Procedures Order provides: (i) in paragraphs 2(e)(i) and 2(e)(ii), a full or partial stay of the Trustee's claims applicable to specific defendants in Avoidance Actions listed in Exhibits 3-A and 3-B; and (ii) in paragraph 2(j)(iii), an automatic referral to mediation of the Trustee's claims against a specific defendant who filed an appearance in an Avoidance Action prior to the deadline to respond to a complaint and a stay of such claims during mediation;

3.  The Order Amending the Litigation Procedures Order dated August 28, 2024 (the "Pre-Litigation/Pre-Appearance Mediation Procedures Order," ECF No. 3465). The Pre-Litigation/Pre-Appearance Mediation Procedures Order amended the Litigation Procedures Order to allow the Trustee to mediate with parties subject to possible avoidance claims prior to commencing an Avoidance Action; and

4.  The Order Further Amending the Litigation Procedures Order dated November 5, 2024 (the "Temporary Stay of Discovery Order," ECF No. 3659) which temporarily stayed all discovery in Avoidance Actions pending the Court's resolution of several dispositive motions.

    The orders set forth above are collectively referred to as the "Procedures Orders."

2

After undertaking a Joint Brief process[2] requested by numerous defendants in certain Avoidance Actions, the Court issued several decisions between March and May of 2025 denying more than fifty (50) motions to dismiss and motions for judgment on the pleadings filed by the Joint Brief defendants and other defendants. Following those decisions, a Status Conference was held in the jointly administered Chapter 11 cases on June 10, 2025. Several issues were discussed during the Status Conference, including when each defendant whose motion was denied would file an answer to the Trustee's complaint. In addition to discussing an answer date, the Trustee's counsel informed the Court that the Trustee was not certain the automatic referral of Avoidance Actions to mediation in the Procedures Orders should continue. He then mentioned the Trustee would likely file a motion to further amend the Procedures Orders, would review any proposed amendments to the Procedures Orders with the defendants whose motions were denied and with those who filed appearances in Avoidance Actions or appeared at the Status Conference, and would provide those defendants with a draft of any proposed amendments to the Procedures Orders before filing such a motion. Three days after the Status Conference, the Trustee served a draft of proposed amendments to the Procedures Orders upon counsel for those defendants.

## II.    The Amended Procedures Motion

On August 28, 2025, following months of discussions with counsel, the Trustee filed a motion to supplement, amend, and supersede the Procedures Orders (the "Amended Procedures Motion," ECF No. 4628). The Amended Procedures Motion set forth proposed discovery procedures, including when discovery would commence and how discovery would be conducted. A hearing on the Amended Procedures Motion was scheduled to be held on October 21, 2025, with responses and objections to the Amended Procedures Motion to be filed by October 10,

---

[2] *See* Joint Briefing Order, ECF No. 3577.

3

2025. (ECF No. 4631.) Certain defendants timely filed responses or objections to the Amended

Procedures Motion, and other defendants joined the responses or objections to the Amended

Procedures Motion (collectively, the "Objecting Defendants").[3] On October 17, 2025, the

Trustee filed a reply to the Objecting Defendants' responses and objections. (ECF No. 4749.)

On October 21, 2025, an initial hearing on the Amended Procedures Motion was held.

For the reasons stated on the record, the hearing was continued to October 23, 2025. Prior to the

continued hearing held on October 23, 2025, and in response to comments made by the Court

during the initial hearing, the Trustee provided revised proposed pretrial procedures to the

Objecting Defendants. During the October 23rd continued hearing, the Court heard from many of

the Objecting Defendants, agreed to allow the Objecting Defendants to submit a counterproposal

to the Trustee's proposed pretrial procedures by October 29, 2025, and again continued the

hearing to November 3, 2025.

Prior to the November 3rd continued hearing, the Trustee and the Objecting Defendants

discussed the proposed pretrial procedures and the Objecting Defendants' counterproposals and

objections.[4] During the continued hearing, the Trustee and several of the Objecting Defendants

advanced their respective arguments regarding the proposed pretrial procedures, noting a general

agreement as to the framework of a pretrial order, but a lack of agreement on specific issues such

as the timing and scope of discovery. At the conclusion of the continued hearing, the Court took

the Amended Procedures Motion under advisement.

The Individual Debtor's case has been pending since February 15, 2022. The Avoidance

Actions have been pending since February 2024. However, discovery has not begun in any of

---

[3] A list of the names of the Objecting Defendants and the responses filed to the Amended
Procedures Motion is attached as **Appendix A**.
[4] *See* ECF Nos. 4790, 4791, 4794, 4795, 4796, 4798, 4799, 4811.

the Avoidance Actions for several reasons, including because of the stay in effect while parties have attempted to mediate a resolution of certain Avoidance Actions.  As the Court and many parties noted during the hearings, the litigation and mediation stay imposed by the Procedures Orders should no longer be in effect and parties should move forward with litigation in the Avoidance Actions.

In light of all these issues, including the sheer volume of Avoidance Actions and the passage of time since the Avoidance Actions were filed, the Court agrees the Procedures Orders should be amended and discovery should commence.  To that end, the Court has reviewed the record in these jointly administered Chapter 11 cases, the record in the Avoidance Actions, the Procedures Orders, the Amended Procedures Motion, the responses, replies, and counterproposals to the proposed pretrial procedures, and considered the arguments advanced by the parties during the hearings held on October 21, October 23, and November 3, 2025.  While the Court appreciates the efforts of the Trustee and the Objecting Defendants in resolving many disagreements about the proposed pretrial procedures, the parties have not been able to reach a consensus on proposed pretrial procedures.  Because it is necessary and appropriate to efficiently and effectively administer and manage the hundreds of Avoidance Actions, the Court will grant the Amended Procedures Motion in part and will establish pretrial procedures which shall apply in all Avoidance Actions and to all Avoidance Action Defendants.

Accordingly, to ensure the just, speedy, and inexpensive determination of every Avoidance Action, and in accordance with *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016), *In re World Trade Ctr. Disaster Site Litig.*, 722 F.3d 483, 487 (2d Cir. 2013), Federal Rules of Civil Procedure 1, 16, 26, and Fed. R. Bankr. P, 1001, 7016, and 7026; it is hereby

**ORDERED:**  The Amended Procedures Motion is **GRANTED IN PART**.  The Procedures Orders are amended as set forth herein.  On or before November 7, 2025, the Trustee shall file this Order in all Avoidance Actions that are not dismissed, closed, or reported as settled or resolved.  This Order is binding in all the Avoidance Actions as if this Order was entered as a separate Order in each of the Avoidance Actions; and it is further

**ORDERED:**  As ordered on the record during the continued hearing held on November 3, 2025, the full and partial stay of claims in paragraphs 2(e)(i) and 2(e)(ii) of the Litigation Procedures Order applicable to certain defendants listed in Exhibits 3-A and 3-B, and the mediation stay in paragraph 2(j)(iii) of the Litigation Procedures Order, are lifted and no longer in effect; and it is further

**ORDERED:**  The provision for the automatic Mediation Referral of Avoidance Actions in paragraph 2(j)(i) of the Litigation Procedures Order is no longer in effect.  To the extent that the provisions of the Litigation Procedures Order and the Pre-Litigation/Pre-Appearance Mediation Procedures Order do not conflict with the provisions of this Order, the following provisions of the Litigation Procedures Order and the Pre-Litigation/Pre-Appearance Mediation Procedures Order survive the provisions of this Order: (i) the provisions regarding the appointment of the Mediator; and (ii) the provisions governing Mediation Proceedings.  Mediation Proceedings can and should continue by agreement of the parties.  However, Mediation Proceedings can be terminated by either party or by the Mediator upon written notice to the parties to the specific mediation; and it is further

**ORDERED:** The following Pretrial Procedures are established and shall apply in all Avoidance Actions and to all Avoidance Action Defendants unless the Court orders otherwise:

**<u>AVOIDANCE ACTIONS PRETRIAL ORDER</u>**

## I. TRUSTEE'S MOTION TO APPLY PRETRIAL PROCEDURES TO OMNIBUS ALTER EGO ACTIONS[5]

On or before **<u>November 14, 2025</u>**, the Trustee shall file a motion seeking approval of similar pretrial procedures in the Omnibus Alter Ego Actions to request that those actions may be litigated and tried under Fed. R. Civ. P. 42 to avoid duplication of efforts and redundant proceedings. The Court will determine which trial proceedings may be sequenced and/or consolidated as appropriate, including under Fed. R. Civ. P. 42 (made applicable by Fed. R. Bankr. P. 7042), and will consider the Trustee's request to give priority to first adjudicating claims involving postpetition transfers and transfers involving entities that have been deemed to be beneficially owned by the Individual Debtor and/or are the Individual Debtor's alter egos by existing judgments.

## II. DEADLINE FOR DEFENDANTS' ANSWERS AND RESPONSES TO PENDING MOTIONS TO AMEND COMPLAINTS

**A.** **<u>Answer deadline for Objecting Defendants</u>**. The Objecting Defendants shall file an Answer to the Complaint/Amended Complaint filed against it on or before **<u>November 14, 2025</u>**, unless: (i) an answer has already been filed; (ii) an agreed to/stipulated extension of time exists; (iii) a motion to amend the complaint is pending; or (iv) the Court has ordered otherwise. No extension of the deadline set forth herein will be granted without further order of the Court.

---

[5] The adversary proceedings *Despins v. ACA Cap. Grp. Ltd., et al.*, Adv. Pro. No. 24-05249 and *AA Glo. Ventures Ltd, et al.*, Adv. Pro. No. 24-05322 are collectively the "Omnibus Alter Ego Actions."

**B.    Answer deadline for all other Avoidance Action Defendants**.  All other Avoidance Action Defendants, including Avoidance Action Defendants whose claims against them have been stayed under ¶¶2(e)(i) and (e)(ii) or 2(j)(iii) of the Litigation Procedures Order, shall file an Answer to the Complaint/Amended Complaint filed against it on or before **December 15, 2025**, unless (i) an answer has already been filed; (ii) an agreed to/stipulated extension of time exists; (iii) a motion to amend the complaint is pending; or (iv) the Court has ordered otherwise.  No extension of the deadline set forth herein will be granted without further order of the Court.

**C.    Response deadline to pending motions to amend complaint and answer deadline to Amended Complaint if motion is granted.**  The deadline for all Avoidance Action Defendants to file responses to pending motions to amend complaint ("Motion to Amend") is **December 15, 2025**.  The Court will determine if a hearing on a Motion to Amend is necessary or if it can decide a Motion to Amend on the submission of the parties.  No extension of the deadline set forth herein will be granted without further order of the Court.

If a Motion to Amend is granted or resolved, the deadline for the Avoidance Action Defendant to file an answer to the Amended Complaint will be fourteen (14) days after the motion is granted or resolved, unless otherwise ordered by the Court.  No extension of the deadline set forth herein will be granted without further order of the Court.

**III.    NO STAY OF CONSTRUCTIVE FRAUDULENT TRANSFER CLAIMS**

Litigation of any constructive fraudulent transfer claims under section 548(a)(1)(B) of the Bankruptcy Code or section 544(b) of the Bankruptcy Code and applicable state law shall not be stayed.

IV.    **INITIAL DISCLOSURES**

    A.    <u>**Deadline for Objecting Defendants**</u>.  To the extent that it has not already done so, each Objecting Defendant shall make the initial disclosures required by Fed. R. Civ. P. 26(a)(1) on or before <u>**November 21, 2025**</u>.  No extension of the deadline set forth herein will be granted without further order of the Court.

    B.    <u>**Deadline for remaining Avoidance Action Defendants**</u>.  To the extent that it has not already done so, each remaining Avoidance Action Defendant shall make the initial disclosures required by Fed. R. Civ. P. 26 (a)(1) on or before <u>**December 15, 2025**</u>.  No extension of the deadline set forth herein will be granted without further order of the Court.

    C.    <u>**Deadline for Trustee**</u>.  The Trustee will satisfy his obligations under Fed. R. Civ. P. 26(a)(1) by population of documents and evidentiary material into the electronic discovery depository (the "Depository") on or before <u>**January 2, 2026**</u>, as set forth below.  No extension of the deadline set forth herein will be granted without further order of the Court.

    D.    <u>**Good faith requirement**</u>.  All initial disclosures shall be made in good faith and in the exercise of reasonable diligence and shall be supplemented and corrected pursuant to and in accordance with Fed. R. Civ. P. 26(e), as made applicable by Fed. R. Bankr. P. 7026.

V.    **DISCOVERY SCHEDULE**

    A.    <u>**Data Rooms**</u>.  The Trustee shall produce documents through the Depository organized into data rooms (the "Data Rooms") subject to the Trustee's reservations that a vast majority of the documents were produced to the Trustee by third parties.  By <u>**January 2, 2026**</u>, the Trustee shall create and populate the Depository compromised of Data Rooms containing folders organized by source and with documents related to (i) all alter ego and/or beneficial owner entities involved in alleged avoidable transfers; (ii) any defendant who has filed an

appearance in the Avoidance Actions; and (iii) all allegations in Avoidance Complaints.  No extension of the deadline set forth herein will be granted without further order of the Court.

The Trustee makes no representations as to the accuracy or authenticity of such documents, and the inclusion of such documents does not constitute an admission or basis to argue such documents are relevant or admissible or constitute an admission of any fact.

The Depository shall only be accessed by counsel and Avoidance Action Defendants that have signed the operative Protective Order/Addendum.[6]  The Protective Order/Addendum shall otherwise apply in all discovery proceedings under this Order.

**B.**  **Written Discovery.**

    **1.**  **Requests for Production of Documents.**

        **a.**  **No Requests for Production shall be served on Trustee**.  In accordance with the provisions requiring the Trustee to create and populate the Data Rooms, no requests for production of documents shall be served on the Trustee without order of the Court.

        **b.**  **Deadline for Trustee to serve Requests for Production**.  Unless a default or default judgment has entered, or a dismissal or settlement of an Avoidance Action has occurred, the Trustee shall serve Requests for Production of Documents, if any, on the Avoidance Action Defendants on or before **February 9, 2026**.  No extension of the deadline set forth herein will be granted without further order of the Court.

        **c.**  **Response and objection deadline for Avoidance Action Defendants**.  All responses and objections to requests for production shall be served on or before **March 11, 2026** provided that the date to commence production may be rolling based on a schedule agreed to by

---

[6] The Protective Order/Addendum refers to the Protective Order (ECF No. 923), and the amended/stipulated Addendum to the Protective Order (ECF Nos. 2460, 3264, 4448).

the Trustee and a particular Avoidance Action Defendant that does not exceed any deadlines set forth in this Order.

        **d.** **Draft Data Room Depository Requests for Production.**  To the extent Avoidance Action Defendants believe relevant documents and information are not available or readily identifiable in the Depository, Avoidance Action Defendants shall serve a draft request for production identifying such documents and information and promptly meet and confer with the Trustee to determine whether such documents and information exist in the Trustee's possession, custody, or control or are identifiable in the Depository.  If the Parties cannot resolve this issue, Avoidance Action Defendants may seek relief from the Court to order production of the documents and information identified in the draft request for production into the Depository.

        The production of documents or information shall neither constitute nor evidence waiver of attorney-client privilege or work product doctrine.  At the close of discovery, the Trustee and the Avoidance Action Defendants shall meet and confer as to the authentication of documents by stipulation.

        **2.** **Interrogatories.**

        **a.** **Deadline for Trustee to serve Interrogatories**.  Unless a default or default judgment has entered, or a dismissal or settlement of an Avoidance Action has occurred, the Trustee shall serve, if any, no more than 25 interrogatories against each Avoidance Action Defendant on or before **February 9, 2026**.  No extension of the deadline set forth herein will be granted without further order of the Court.

        **b.** **Deadline for Avoidance Action Defendants to serve Interrogatories.**  As to issues regarding alter ego and/or beneficial owner entities involved in alleged avoidable transfers, all Avoidance Action Defendants as to which a particular entity is relevant shall

11

cooperate to serve no more than 25 joint interrogatories on the Trustee on or before **February 9, 2026**. As to issues in its particular Avoidance Action, each Avoidance Action Defendant may serve no more than 10 interrogatories on the Trustee on or before **February 9, 2026**. No extensions of the deadlines set forth herein will be granted without further order of the Court.

      c. **Response and Objection deadline.** All responses and objections to interrogatories shall be served on or before **March 11, 2026**. Any Avoidance Action Defendant may seek an increase in the number of interrogatory requests by agreement or order of the Court. No extension of the deadline set forth herein will be granted without further order of the Court.

    3. **Requests for Admission.**

      a. **Deadline for Trustee to serve Requests for Admission.** Unless a default or default judgment has entered, or a dismissal or settlement of an Avoidance Action has occurred, on or before **February 9, 2026**, the Trustee shall serve, if any, no more than 25 requests for admission against each Avoidance Action Defendant. No extension of the deadline set forth herein will be granted without further order of the Court.

      b. **Deadline for Avoidance Action Defendants to serve Requests for Admission**. As to issues regarding alter ego and/or beneficial owner entities involved in alleged avoidable transfers, all Avoidance Action Defendants as to which a particular entity is relevant shall cooperate to serve no more than 25 joint requests for admission on the Trustee on or before **February 9, 2026**. As to all other issues in its particular Avoidance Action, each Avoidance Action Defendant may serve no more than 10 requests for admissions on the Trustee on or before **February 9, 2026**. No extensions of the deadlines set forth herein will be granted without further order of the Court.

     c. **Responses and Objection deadline.**  All responses and objections to requests for admission shall be served on or before **March 11, 2026**.  Any Avoidance Action Defendant may seek an increase in the number of requests for admission by agreement or order of the Court.  No extension of the deadline set forth herein will be granted without further order of the Court.

## VI.    PRIVILEGE LOGS

     The Trustee will serve in the initial instance a categorical privilege log identifying, for each category of withheld documents, (i) general parties to such documents or communications (e.g., the Individual Debtor and his bankruptcy counsel at a particular law firm); (ii) the general subject matter of the withheld documents (e.g., legal advice related to bankruptcy filing); (iii) the date range of the documents in the category; and (iv) the basis for the asserted privilege (e.g., attorney-client privilege, work-product, etc.).  The Trustee will meet and confer with the Avoidance Action Defendants after providing the categorical log if the Avoidance Action Defendants believe further information regarding privileges asserted by the Trustee is required as to any categories.

## VII.    DEPOSITION DISCOVERY

     Deposition discovery shall not commence prior to **March 18, 2026**.  The Trustee and Avoidance Action Defendants shall cooperate in scheduling depositions and ensuring that the Trustee and all defendants who have appeared in the Avoidance Actions shall receive notice of any depositions.  The Avoidance Action Defendants shall share time and cooperate in posing questions to witnesses, and Avoidance Action Defendants shall make their best efforts to not pose duplicative questions.  Unless otherwise ordered by the Court, the Trustee and the Avoidance Action Defendants shall depose an individual or corporate representative one time, provided that

the time period specified in Fed. R. Civ. P. 30(d)(1) may be enlarged by agreement or order of the Court for good cause shown.

## VIII.   EXPERT DISCOVERY

On or before **April 22, 2026**, any party that seeks to disclose an expert under Fed. R. Civ. P. 26(a)(2)(A) shall provide such written notice to the other party.  On or before **April 29, 2026**, the Trustee and the Avoidance Action Defendants shall submit to the Court an agreed-upon proposed scheduling order for expert discovery.  However, if the Trustee and the Avoidance Action Defendants cannot reach agreement, the Trustee and the Avoidance Action Defendants shall seek an order of the Court to set a schedule for expert discovery.  No extensions of the deadlines set forth herein will be granted without further order of the Court.

## IX.   PRE-MOTION REQUESTS REQUIRED FOR DISPOSITIVE MOTIONS

Any party who believes it has a good faith basis to file a dispositive motion must file a pre-motion request (a "Pre-Motion Request") of no more than four pages prior to filing of any motion under Fed. R. Civ. P. 12 or 56, *see, e.g.* D. Conn. L. Civ. R. 56(c).  The Pre-Motion Request shall set forth the basis for the proposed motion, to which any adverse party may file a written response (a "Pre-Motion Response"), of no more than four pages, within fourteen (14) days.

After the filing of a Pre-Motion Request and any Pre-Motion Response, the Court may rule on the Pre-Motion Request or may schedule a status conference to discuss the Pre-Motion Request.  If the Court denies the Pre-Motion Request on the basis that it does not establish a good faith basis to file a motion under Fed. R. Civ. P. 12 or 56, the Court may award reasonable attorney's fees to the non-moving party.

## X.       COMPLETION OF DISCOVERY

All discovery shall be completed by **June 22, 2026**.  No extensions of the discovery

completion deadline will be granted without further order of the Court.

## XI.      AVOIDANCE ACTION TRIAL SCHEDULE

All Avoidance Action Defendants should be prepared for trial to be scheduled in its/their

respective Avoidance Actions beginning the week of **July 7, 2026**.  Trials in the Objecting

Defendants' Avoidance Actions may be scheduled first.


Dated at Bridgeport, Connecticut this 6th day of November, 2025.

*Julie A. Manning*
United States Bankruptcy Judge
District of Connecticut

15

## APPENDIX A
### Objecting Defendants

| Adv. P. No. | Objecting Adversary Proceeding Defendant(s) | Responses filed to Amended Procedures Motion |
|---|---|---|
| 24-5005 | Agora Lab, Inc. | Joint Defendants' Limited Objection to the Trustee's Motion to Amend [Main Case ECF 4716] ("Joint Defs' Limited Objection"), October 10, 2025; Notice of Joint Defs' Limited Objection [Adv. 24-5005, ECF 47], October 10, 2025; Joint Defendants' (I) Notice of Filing Outline of Proposed Pretrial Schedule; and (II) Reservation of Rights [Main Case ECF 4791] ("Joint Defs' Counterproposal"), October 29, 2025. |
| 24-5006 | Amazon Web Services, Inc. | Joint Defs' Limited Objection [Main Case ECF 4716], October 10, 2025; Notice of Joint Defs' Limited Objection [Adv. 24-5006, ECF 47], October 10, 2025; Joint Defs' Counterproposal [Main Case ECF 4791], October 29, 2025. |
| 24-5008 | Boardwalk Motor Imports, LLC | Notice of Joinder to Joint Defs' Limited Objection ECF 4716 [Main Case ECF 4734], October 10, 2025. |
| 24-5010 | Direct Persuasion LLC | Joint Defs' Limited Objection [Main Case ECF 4716], October 10, 2025; Notice of Joint Defs' Limited Objection [Adv. 24-5010, ECF 46], October 10, 2025; Joint Defs' Counterproposal [Main Case ECF 4791]. |
| 24-5012 | Ogier | Defendants' Objection ("G&S Defs' Objection") [Main Case ECF 4728], October 10, 2025; Defendants' Proposal Concerning Discovery Procedures ("G&S Defs' Counterproposal") [Main Case ECF 4798], October 29, 2025. |
| 24-5014 | Pillsbury Winthrop Shaw Pittman LLP | G&S Defs' Counterproposal [Main Case ECF 4798], October 29, 2025. |
| 24-5035 | Urban Legend Media, Inc. | Objection to Trustee's Motion to Amend [Main Case ECF 4275], October 10, 2025. |
| 24-5036 | Guo, Mei | Limited Objection of Mei Guo and Hing Chi Ngok to Trustee's Motion to Amend [Main Case ECF 4717], October 10, 2025. |
| 24-5037 | Triple2 Digital LLC | Joint Defs' Limited Objection [Main Case ECF 4716], October 10, 2025; Notice of Joint Defs' Limited Objection [Adv. 24-5037, ECF 28], October 10, 2025; Joint Defs' Counterproposal [Main Case ECF 4791], October 29, 2025. |
| 24-5040 | Ngok, Hing Chi | Limited Objection of Mei Guo and Hing Chi Ngok to Trustee's Motion to Amend [Main Case ECF 4717], October 10, 2025. |

| 24-5042 | Restoration Hardware, Inc. (not responding)<br>**Guo, Mei (responding)**<br>Krasner, Max (not responding)<br>**Ngok, Hing Chi (responding)** | **For Mei Guo and Hing Chi Ngok:**<br>Limited Objection of Mei Guo and Hing Chi Ngok to Trustee's Motion to Amend [Main Case ECF 4717], October 10, 2025. |
|---|---|---|
| 24-5044 | Teris-Phoenix, LLC | Objection to Trustee's Motion to Amend [Main Case ECF 4275], October 10, 2025. |
| 24-5047 | Phillips Nizer LLP | Joint Defs' Limited Objection [Main Case ECF 4716], October 10, 2025; Notice of Joint Defs' Limited Objection [Adv. 24-5047, ECF 47], October 17, 2025; Joint Defs' Counterproposal [Main Case ECF 4791], October 29, 2025. |
| 24-5048 | Gunderson, Mark | Notice of Joinder to Joint Defs' Limited Objection ECF 4716 [Main Case ECF 4726], October 10, 2025. |
| 24-5056 | FFP (BVI) Limited | G&S Defs' Objection [Main Case ECF 4728], October 10, 2025; G&S Defs' Counterproposal [Main Case ECF 4798], October 29, 2025. |
| 24-5057 | **Amazon.com, Inc. (responding)**<br>Enriquez, Bernardo (not responding, dismissed)<br>**Guo, Mei (responding)**<br>Hadjicharalambous, Alex (not responding, pending dismissal)<br>Han, Chunguang (not responding)<br>**Ngok, Hing Chi (responding)** | **For Amazon.com Inc:**<br>Joint Defs' Limited Objection [Main Case ECF 4716], October 10, 2025; Notice of Joint Defs' Limited Objection [Adv. 24-5057, ECF 70], October 10, 2025; Joint Defs' Counterproposal [Main Case ECF 4791], October 29, 2025.<br>=====================================<br>**For Mei Guo and Hing Chi Ngok:**<br>Limited Objection of Mei Guo and Hing Chi Ngok to Trustee's Motion to Amend [Main Case ECF 4717], October 10, 2025. |
| 24-5058 | Anthem Health Plans, Inc. | Joint Defs' Limited Objection [Main Case ECF 4716], October 10, 2025; Notice of Joint Defs' Limited Objection [Adv. 24-5058, ECF 41], October 10, 2025; Joint Defs' Counterproposal [Main Case ECF 4791], October 29, 2025. |
| 24-5060 | **Apple Inc. (responding)**<br>**Guo, Mei (responding)**<br>Hadjicharalambous, Alex (not responding)<br>Han, Chunguang (not responding)<br>**Ngok, Hing Chi (responding)** | **For Apple Inc:**<br>Apple's Joinder and Objection to Trustee's Amended Procedures [Main Case ECF 4729; Adv. 24-5060, ECF 107], October 10, 2025; Objection and Reservation of Rights [Main Case ECF 4795; Adv. 24-05060, ECF 109], October 29, 2025.<br>=====================================<br>**For Guo, Mei and Ngok, Hing Chi:**<br>Limited Objection of Mei Guo and Hing Chi Ngok to Trustee's Motion to Amend [Main Case ECF 4717], October 10, 2025. |
| 24-5062 | Appsflyer Inc. | G&S Defs' Objection [Main Case ECF 4728], October 10, 2025; G&S Defs' Counterproposal [Main Case ECF 4798], October 29, 2025. |

| 24-5069 | **B & H Foto & Electronics Corp. (responding)**<br>Enriquez, Bernardo (not responding, dismissed)<br>Hadjicharalambous, Alex (not responding)<br>Han, Chunguang (not responding)<br>**Ngok, Hing Chi (responding)** | **For B&H Foto & Electronics, Corp.:**<br>Joint Defs' Limited Objection [Main Case ECF 4716], October 10, 2025; Notice of Joint Defs' Limited Objection [Adv. 24-5069, ECF 64], October 10, 2025; Joint Defs' Counterproposal [Main Case ECF 4791], October 29, 2025.<br>=========================================<br>**For Hing Chi Ngok:**<br>Limited Objection of Mei Guo and Hing Chi Ngok to Trustee's Motion to Amend [Main Case ECF 4717], October 10, 2025. |
|---|---|---|
| 24-5077 | American Express Company<br>American Express Travel Related Services Company, Inc.<br>American Express Bank, FSB<br>American Express National Bank, FSB<br>American Express Centurion Bank | Joint Defs' Limited Objection [Main Case ECF 4716], October 10, 2025; Notice of Joint Defs' Limited Objection [Adv. 24-5077, ECF 56], October 10, 2025; Joint Defs' Counterproposal [Main Case ECF 4791], October 29, 2025. |
| 24-5082 | Ohtzar Shlomo Solomon Treasure LLC | Notice of Joinder to Joint Defs' Limited Objection ECF 4716 [Main Case ECF 4726], October 10, 2025. |
| 24-5086 | The Clear Creek Group, LLC | G&S Defs' Objection [Main Case ECF 4728], October 10, 2025; G&S Defs' Counterproposal [Main Case ECF 4798], October 29, 2025. |
| 24-5092 | Zeta Global Corp. | Joint Defs' Limited Objection [Main Case ECF 4716], October 10, 2025; Notice of Joint Defs' Limited Objection [Adv. 24-5092, ECF 40], October 10, 2025; Joint Defs' Counterproposal [Main Case ECF 4791], October 29, 2025. |
| 24-5100 | Grocyber LLC | Limited Objection to Trustee's Motion to Amend Procedures and Joinder to ECF 4716 [Main Case ECF 4721], October 10, 2025; Notice of Filing Limited Objection to Trustee's Motion to Amend [Adv. 24-5100, ECF 40], October 10, 2025; Joint Defs' Counterproposal [Main Case ECF 4791], October 29, 2025. |
| 24-5101 | Eficens Systems LLC | G&S Defs' Objection [Main Case ECF 4728], October 10, 2025; G&S Defs' Counterproposal [Main Case ECF 4798], October 29, 2025. |
| 24-5106 | Reach Manufacturing, LLC | Joint Defs' Limited Objection [Main Case ECF 4716], October 10, 2025; Notice of Joint Defs' Limited Objection [Adv. 24-5106, ECF 22], October 10, 2025; Joint Defs' Counterproposal [Main Case ECF 4791], October 29, 2025. |
| 24-5110 | Mitchell, Aaron | G&S Defs' Objection [Main Case ECF 4728], October 10, 2025; G&S Defs' Counterproposal [Main Case ECF 4798], October 29, 2025. |
| 24-5112 | Anthem HealthChoice Assurance, Inc. dba Empire Blue Cross Blue Shield | Joint Defs' Limited Objection [Main Case ECF 4716], October 10, 2025; Notice of Joint Defs' Limited Objection [Adv. 24-5112, ECF 46], October 10, 2025; Joint Defs' Counterproposal [Main Case ECF 4791], October 29, 2025. |

| 24-5114 | ModSquad, Inc. | Joint Defs' Limited Objection [Main Case ECF 4716], October 10, 2025; Notice of Joint Defs' Limited Objection [Adv. 24-5114, ECF 43], October 17, 2025. |
|---------|----------------|---------|
| 24-5115 | Cloudflare, Inc. | Joint Defs' Limited Objection [Main Case ECF 4716], October 10, 2025; Joint Defs' Counterproposal [Main Case ECF 4791], October 29, 2025. |
| 24-5117 | Meta Platforms, Inc. | Meta Platforms, Inc.'s Joinder and Objection to Trustee's Amended Procedures [Adv. 24-5117, ECF 70], October 10, 2025; Objection and Reservation of Rights [Main Case ECF 4796; Adv. 24-05117 ECF 72], October 29, 2025. |
| 24-5120 | 3 Columbus Circle, LLC | Joint Defs' Limited Objection [Main Case ECF 4716], October 10, 2025;  Notice of Joint Defs' Limited Objection [Adv. 24-5120, ECF 37], October 17, 2025; Joint Defs' Counterproposal [Main Case ECF 4791], October 29, 2025. |
| 24-5128 | Miller Motorcars, Inc. | Miller Motorcars, Inc.'s Objection to Trustee's Motion to Amend [Main Case ECF 4723], October 10, 2025; Objection to Proposal [Main Case ECF 4790] |
| 24-5130 | On the Spot Home Improvement, Inc. | Joint Defs' Limited Objection [Main Case ECF 4716], October 10, 2025; Notice of Joint Defs' Limited Objection [Adv. 24-5130, ECF 44], October 17, 2025; Joint Defs' Counterproposal [Main Case ECF 4791], October 29, 2025. |
| 24-5134 | V.X. Cerda & Associates P.A. | G&S Defs' Objection [Main Case ECF 4728], October 10, 2025; G&S Defs' Counterproposal [Main Case ECF 4798], October 29, 2025. |
| 24-5140 | Quinones Law PLLC | G&S Defs' Objection [Main Case ECF 4728], October 10, 2025; G&S Defs' Counterproposal [Main Case ECF 4798], October 29, 2025. |
| 24-5152 | Troutman Pepper Hamilton Sanders LLP | Joint Defs' Limited Objection [Main Case ECF 4716], October 10, 2025; Notice of Joint Defs' Limited Objection [Adv. 24-5152, ECF 40], October 10, 2025; Joint Defs' Counterproposal [Main Case ECF 4791], October 29, 2025. |
| 24-5154 | Debeche, Kamel | Kamel Debeche's Notice of Joinder to Objections Main Case ECF Nos. 4716, 4717, 4719, 4720, 4721, 4723, 4726, 4728, 4729, 4730, 4735 [AP 24-5154, ECF 24], October 10, 2025. |
| 24-5162 | Nardello & Co., LLC | Objection to Trustee's Motion to Amend [Main Case ECF 4275], October 10, 2025; Joint Defs' Counterproposal [Main Case ECF 4791], October 29, 2025. |
| 24-5168 | The Francis Firm PLLC | G&S Defs' Objection [Main Case ECF 4728], October 10, 2025; G&S Defs' Counterproposal [Main Case ECF 4798], October 29, 2025. |

| 24-5181 | Ganfer Shore Leeds & Zauderer, LLP | Joint Defs' Limited Objection [Main Case ECF 4716], October 10, 2025; Notice of Joint Defs' Limited Objection [Adv. 24-5181, ECF 27], October 10, 2025; Joint Defs' Counterproposal [Main Case ECF 4791], October 29, 2025. |
|---|---|---|
| 24-5184 | Yankwitt LLP | Joint Defs' Limited Objection [Main Case ECF 4716], October 10, 2025; Notice of Joint Defs' Limited Objection [Adv. 24-5184, ECF 27], October 10, 2025; Joint Defs' Counterproposal [Main Case ECF 4791], October 29, 2025. |
| 24-5186 | Berkeley Rowe Limited | G&S Defs' Objection [Main Case ECF 4728], October 10, 2025; G&S Defs' Counterproposal [Main Case ECF 4798], October 29, 2025. |
| 24-5188 | Weddle Law PLLC | G&S Defs' Objection [Main Case ECF 4728], October 10, 2025; G&S Defs' Counterproposal [Main Case ECF 4798], October 29, 2025. |
| 24-5195 | Milne, Shujuan nka Shujuan Craven | Joint Defs' Limited Objection [Main Case ECF 4716], October 10, 2025; Joint Defs' Counterproposal [Main Case ECF 4791], October 29, 2025. |
| 24-5199 | Lawall & Mitchell LLC Mitchell, Aaron | G&S Defs' Objection [Main Case ECF 4728], October 10, 2025; G&S Defs' Counterproposal [Main Case ECF 4798], October 29, 2025. |
| 24-5200 | Wedlake Bell LLP | G&S Defs' Objection [Main Case ECF 4728], October 10, 2025; G&S Defs' Counterproposal [Main Case ECF 4798], October 29, 2025. |
| 24-5204 | G4S Security Systems (Hong Kong) Ltd. | G&S Defs' Objection [Main Case ECF 4728], October 10, 2025; G&S Defs' Counterproposal [Main Case ECF 4798], October 29, 2025. |
| 24-5207 | Bering Yachts, LLC | Notice of Joinder by Bering Yachts, LLC to ECF 4716 [Main Case ECF 4732], October 10, 2025. |
| 24-5208 | Zeisler & Zeisler, P.C. | Zeisler & Zeisler, P.C.'s Joinder in Limited Objection of Mei Guo and Hing Chi Ngok ECF 4717 [Main Case ECF 4719], October 10, 2025. |
| 24-5211 | Putnam's Landscaping, LLC | Joint Defs' Limited Objection [Main Case ECF 4716], October 10, 2025; Joint Defs' Counterproposal [Main Case ECF 4791], October 29, 2025. |
| 24-5214 | Petrillo Klein & Boxer LLP | Joint Defs' Limited Objection [Main Case ECF 4716], October 10, 2025; Notice of Joint Defs' Limited Objection [Adv. 24-5214, ECF 29], October 10, 2025; Joint Defs' Counterproposal [Main Case ECF 4791], October 29, 2025. |

| 24-5219 | Miller, Jason | Notice of Joinder to Joint Defs' Limited Objection ECF 4716 [Main Case ECF 4726]. |
|---------|---------------|----------------------------------------------------------------------------------|
| 24-5221 | Gypsy Mei Food Services LLC (<u>not</u> responding) Guo, Mei (responding) | **For Mei Guo:** Limited Objection of Mei Guo and Hing Chi Ngok to Trustee's Motion to Amend [Main Case ECF 4717], October 10, 2025. |
| 24-5222 | Sedgwick Realty Corp. | Joint Defs' Limited Objection [Main Case ECF 4716], October 10, 2025; Notice of Joint Defs' Limited Objection [Adv. 24-5222, ECF 39], October 10, 2025; Joint Defs' Counterproposal [Main Case ECF 4791], October 29, 2025. |
| 24-5226 | ACASS Canada Limited | Defendants' Objection ("<u>G&S Defs' Objection</u>") [Main Case ECF 4728], October 10, 2025; Defendants' Proposal Concerning Discovery Procedures ("<u>G&S Defs' Counterproposal</u>") [Main Case ECF 4798], October 29, 2025. |
| 24-5233 | Brune Law PC | Joint Defs' Limited Objection [Main Case ECF 4716], October 10, 2025; Notice of Joint Defs' Limited Objection [Adv. 24-5233, ECF 26], October 10, 2025; Joint Defs' Counterproposal [Main Case ECF 4791], October 29, 2025. |
| 24-5246 | WA & HF LLC | Defendant WA & HF LLC's Opposition to Trustee's Motion to Consolidate Avoidance Actions [Main Case ECF 4270; Adv. 24-5246, ECF 26] October 10, 2025; Objection to Trustee's October 23, 2025 Outline of Proposed Pretrial Procedures [Main Case ECF 4794; Adv. 24-05246, ECF 28], October 29, 2025; Motion to Be Excused from November 3, 2025 Hearing or, in the Alternative, to Appear Remotely [Main Case ECF 4793; Adv. 24-05246, ECF 27], October 29, 2025. |
| 24-5250 | Scarabaeus Wealth Management AG n/k/a Prime Fund Solutions AG | Joint Defs' Limited Objection [Main Case ECF 4716], October 10, 2025; Notice of Joint Defs' Limited Objection [Adv. 24-5250, ECF 37], October 10, 2025; Joint Defs' Counterproposal [Main Case ECF 4791], October 29, 2025. |
| 24-5263 | G Club Holdco I LLC (<u>not</u> responding) BSA Strategic Fund I (<u>not</u> responding) G Club Three (<u>not</u> responding) HAA Group Pty Ltd (<u>not</u> responding) Hong Kong International Funds Investments Limited (<u>not</u> responding) Omicron Nutraceutical LLC (<u>not</u> responding) **Mountains of Spices Inc. (responding)** Rosy Acme Ventures Limited (<u>not</u> responding) | **For Mountains of Spices Inc.:** Response in Opposition to Trustee's Motion to Amend Discovery Rules and Joinder to ECF 4728 [Main Case ECF 4730], October 10, 2025. |

| 24-5271 | **Li, Weihua (responding)**<br>Chen, Jianxiao (<u>not</u> responding)<br>Huang, Tian Shu (<u>not</u> responding)<br>Jiang, Junjie (<u>not</u> responding)<br>Lan, Yuechen (<u>not</u> responding)<br>Li, Rongrong (<u>not</u> responding)<br>Li, Shiying (<u>not</u> responding)<br>Li, Zhixuan (<u>not</u> responding)<br>Lin, Zhang (<u>not</u> responding)<br>Smee, Cameron (<u>not</u> responding, dismissed)<br>Smee, Roger (<u>not</u> responding, dismissed)<br>Wang, Xue (<u>not</u> responding)<br>Yang, Mi Kyung (<u>not</u> responding)<br>Zhang, Yaping (<u>not</u> responding)<br>Zhu, Fanggui (<u>not</u> responding) | **For Weihua Li:**<br>G&S Defs' Objection [Main Case ECF 4728], October 10, 2025;<br>G&S Defs' Counterproposal [Main Case ECF 4798], October 29, 2025. |
| 24-5276 | ZYB & Associates, LLC d/b/a Law Offices of Yongbing Zhang<br>Zhang, Yongbing | Yongbing Zhang's Notice of Joinder to Objections ECF Nos. 4716, 4717, 4719, 4720, 4721, 4723, 4725, 4726, 4728, 4729, 4730 [Main Case ECF 4735], October 10, 2025; Objection and Joinder to Objections [Adv. 24-5276, ECF 22], October 10, 2025. |
| 24-5282 | ACASS U.S.A. Inc. | G&S Defs' Objection [Main Case ECF 4728], October 10, 2025; G&S Defs' Counterproposal [Main Case ECF 4798], October 29, 2025. |
| 24-5313 | Boies Schiller Flexner LLP | G&S Defs' Objection [Main Case ECF 4728], October 10, 2025; G&S Defs' Counterproposal [Main Case ECF 4798], October 29, 2025. |
| 25-5028 | Kdebeche, Inc. | Kamel Debeche's and Kdebeche Inc.'s Notice of Joinder to Objections Main Case ECF Nos. 4716, 4717, 4719, 4720, 4721, 4723, 4726, 4728, 4729, 4730, 4735 [AP 25-5028, ECF 13], October 10, 2025. |
| 25-5045 | Bourne in Time Inc. | G&S Defs' Objection [Main Case ECF 4728], October 10, 2025; G&S Defs' Counterproposal [Main Case ECF 4798], October 29, 2025. |
| 25-5049 | Cohen Howard LLP | Joint Defs' Limited Objection [Main Case ECF 4716], October 10, 2025; Notice of Joint Defs' Limited Objection [Adv. 25-5049, ECF 21], October 17, 2025. |
| 25-5050 | Law Office of Neil Sunkin | Joint Defs' Limited Objection [Main Case ECF 4716], October 10, 2025; Joint Defs' Counterproposal [Main Case ECF 4791], October 29, 2025. |
| 25-5057 | Frankfurt Kurnit Klein & Selz PC | G&S Defs' Objection [Main Case ECF 4728], October 10, 2025; G&S Defs' Counterproposal [Main Case ECF 4798], October 29, 2025. |

| 25-5058 | Reichard & Escalera LLC | Joint Defs' Limited Objection [Main Case ECF 4716], October 10, 2025; Notice of Joint Defs' Limited Objection [Adv. 25-5058, ECF 19], October 10, 2025; Joint Defs' Counterproposal [Main Case ECF 4791], October 29, 2025. |
| --- | --- | --- |
| 25-5059 | Walden Macht Haran & Williams LLP | G&S Defs' Objection [Main Case ECF 4728], October 10, 2025; G&S Defs' Counterproposal [Main Case ECF 4798], October 29, 2025. |
| 25-5081 | Haque, Syed Ehsan | G&S Defs' Counterproposal [Main Case ECF 4798], October 29, 2025. |
| 25-5083 | Rovello Electric Inc. | Joint Defs' Limited Objection [Main Case ECF 4716], October 10, 2025; Joint Defs' Counterproposal [Main Case ECF 4791], October 29, 2025. |
| 25-5085 | The Vision Group dba Bang & Olufsen | Joint Defs' Limited Objection [Main Case ECF 4716], October 10, 2025; Joint Defs' Counterproposal [Main Case ECF 4791], October 29, 2025. |
| 25-5088 | 1stdibs.com Inc. | Defendants' Proposal Concerning Discovery Procedures [Main Case ECF 4798] ("G&S Defs' Counterproposal"), October 29, 2025. |
| 25-5089 | Warp & Weft Concepts Inc. | G&S Defs' Objection [Main Case ECF 4728], October 10, 2025; G&S Defs' Counterproposal [Main Case ECF 4798], October 29, 2025. |
| 25-5095 | LaBarbiera Custom Homes, LLC | Joint Defs' Limited Objection [Main Case ECF 4716], October 10, 2025; Joint Defs' Counterproposal [Main Case ECF 4791], October 29, 2025. |