**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 22-50073 (JAM) |
| HO WAN KWOK, *et al.*, | (Jointly Administered) |
| | |
| Debtors.[1] | |

**AMENDED AVOIDANCE ACTIONS PRETRIAL ORDER**

Pursuant to the Order Granting in Part Trustee's Motion to Amend the Avoidance Actions

and Alter Ego Actions Pretrial Order (Main Case ECF No. 5371), it is hereby

**ORDERED:**  The Avoidance Actions Pretrial Order (Main Case ECF No. 4828) is

amended as follows and shall apply in all Avoidance Actions and to all Avoidance Action

Defendants unless the Court specifically has ordered or orders otherwise:

**AMENDED AVOIDANCE ACTIONS PRETRIAL ORDER**

I.  **DISCOVERY SCHEDULE**

A.  **Written Discovery.**

1.  **Requests for Production of Documents.**

a.  **Response and objection deadline for Avoidance Action Defendants**.  All

responses and objections to requests for production shall be served on or before **April 30, 2026**

provided that the date to commence production may be rolling based on a schedule agreed to by

---

[1]  The Debtors in these chapter 11 cases are Ho Wan Kwok (the "Individual Debtor") (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

the Trustee and a particular Avoidance Action Defendant that does not exceed any deadlines set forth in this Order.

b. **Draft Data Room Depository Requests for Production.** If Avoidance Action Defendants believe relevant documents and information are not available or readily identifiable in the Depository, then **on or before May 15, 2026**, Avoidance Action Defendants shall serve a draft request for production identifying such documents and information and promptly meet and confer with the Trustee to determine whether such documents and information exist in the Trustee's possession, custody, or control or are identifiable in the Depository.  If the Parties cannot resolve this issue, Avoidance Action Defendants may seek relief from the Court to order production of the documents and information identified in the draft request for production into the Depository.

The production of documents or information shall neither constitute nor evidence waiver of attorney-client privilege or work product doctrine.  At the close of discovery, the Trustee and the Avoidance Action Defendants shall meet and confer as to the authentication of documents by stipulation.

2. **Interrogatories.**

a. **Response and Objection deadline.**  All responses and objections to interrogatories shall be served on or before **April 30, 2026**.  Any Avoidance Action Defendant may seek an increase in the number of interrogatory requests by agreement or order of the Court. No extension of the deadline set forth herein will be granted without further order of the Court.

3. **Requests for Admission.**

a. **Response and Objection deadline.**  All responses and objections to requests for admission shall be served on or before **April 30, 2026**.  Any Avoidance Action Defendant

may seek an increase in the number of requests for admission by agreement or order of the Court.  No extension of the deadline set forth herein will be granted without further order of the Court.

## II.    PRIVILEGE LOGS

To the extent the Trustee has not done so, he will serve in the initial instance a categorical privilege log identifying, for each category of withheld documents, (i) general parties to such documents or communications (e.g., the Individual Debtor and his bankruptcy counsel at a particular law firm); (ii) the general subject matter of the withheld documents (e.g., legal advice related to bankruptcy filing); (iii) the date range of the documents in the category; and (iv) the basis for the asserted privilege (e.g., attorney-client privilege, work-product, etc.).  The Trustee will meet and confer with the Avoidance Action Defendants after providing the categorical log if the Avoidance Action Defendants believe further information regarding privileges asserted by the Trustee is required as to any categories.

## III.    DEPOSITION DISCOVERY

Deposition discovery shall not commence prior to **May 11, 2026**.  The Trustee and Avoidance Action Defendants shall cooperate in scheduling depositions and ensuring that the Trustee and all defendants who have appeared in the Avoidance Actions shall receive notice of any depositions.  The Avoidance Action Defendants shall share time and cooperate in posing questions to witnesses, and Avoidance Action Defendants shall make their best efforts to not pose duplicative questions.  Unless otherwise ordered by the Court, the Trustee and the Avoidance Action Defendants shall depose an individual or corporate representative one time, provided that the time period specified in Fed. R. Civ. P. 30(d)(1) may be enlarged by agreement or order of the Court for good cause shown.

## IV.    EXPERT DISCOVERY

On or before **June 15, 2026**, any party that seeks to disclose an expert under Fed. R. Civ. P. 26(a)(2)(A) shall provide such written notice to the other party.  On or before **June 22, 2026**, the Trustee and the Avoidance Action Defendants shall agree upon a schedule for expert discovery.  However, if the Trustee and the Avoidance Action Defendants cannot reach agreement, the Trustee and the Avoidance Action Defendants shall seek an order of the Court to set a schedule for expert discovery.  No extensions of the deadlines set forth herein will be granted without further order of the Court.

## V.    PRE-MOTION REQUESTS REQUIRED FOR DISPOSITIVE MOTIONS

Any party who believes it has a good faith basis to file a dispositive motion must file a pre-motion request (a "Pre-Motion Request") of no more than four pages prior to filing of any motion under Fed. R. Civ. P. 12 or 56, *see, e.g*. D. Conn. L. Civ. R. 56(c).  The Pre-Motion Request shall set forth the basis for the proposed motion, to which any adverse party may file a written response (a "Pre-Motion Response"), of no more than four pages, within fourteen (14) days.

After the filing of a Pre-Motion Request and any Pre-Motion Response, the Court may rule on the Pre-Motion Request or may schedule a status conference to discuss the Pre-Motion Request.  If the Court denies the Pre-Motion Request on the basis that it does not establish a good faith basis to file a motion under Fed. R. Civ. P. 12 or 56, the Court may award reasonable attorney's fees to the non-moving party.

**VI.     COMPLETION OF DISCOVERY**

All discovery, including expert discovery, shall be completed by **October 16, 2026**.  No extensions of the discovery completion deadline will be granted without further order of the Court.

**VII.    AVOIDANCE ACTION TRIAL SCHEDULE**

All Avoidance Action Defendants should be prepared to proceed to trial to in its/their respective Avoidance Actions beginning the week of **November 16, 2026**.

Dated at Bridgeport, Connecticut this 22nd day of April, 2026.



Julie A. Manning
United States Bankruptcy Judge
District of Connecticut